(47 App. Div. 182.)

### RYDER v. COBURN et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

1. VENDOR AND PURCHASER—SALE OF LAND—RESCISSION — IMPROVEMENTS — LIEN.

Where a tenant in common falsely represented that he had authority from the other tenants to convey their interests, and that on payment of the price he would give the vendee a warranty deed therefor, and such vendee entered into possession, and made repairs not necessary to preserve the property, and, on refusal of one of the tenants in common to join in the deed, the property was sold to another in partition proceedings,

and it was not shown that it brought a larger sum by reason of the repairs, such vendee was not entitled to an equitable lien on the proceeds, since the agreement to convey was made without authority.

2. SAME.

Where a purchaser of land owned by tenants in common entered into possession under a contract of sale executed by one of such tenants on behalf of all, in which he represented he had authority to give the purchaser a warranty deed, and the purchaser subsequently repudiated the contract on such tenant's failure to procure a co-tenant to join in the conveyance when the purchaser might have procured full title without any expense beyond the consideration named in the contract, he was not entitled to a lien, for money expended in making repairs, on the proceeds arising from a subsequent partition sale of the property.

Appeal from special term, Tompkins county.

Action by James F. Ryder against Nancy P. Coburn, Patrick Wall, and others for the partition of land. From a judgment (60 N. Y. Supp. 535) directing the payment of money expended by the defendant Wall for repairs and improvements, plaintiff and the other defendants appeal. Reversed.

This action was commenced on the 14th day of January, 1899, and was brought for the partition of certain real estate, consisting of a house and lot in the village of Ithaca. The plaintiff, as one of the heirs at law of John Ryder, deceased, was the owner of an undivided one-eighth interest, and the defendants, except the defendant Wall, were the owners of the balance of the title. In the complaint it was alleged that the defendant Wall claimed to be in possession, but without right or authority as against any of the other parties. None of the defendants answered, except Wall. He served an answer, claiming an equitable lien on the property to the amount of $305.94 for repairs and improvements made by him after obtaining from one of the heirs, the defendant Phillip S. Ryder, on September 2, 1898, a contract to purchase the property. It was alleged that fraudulent representations were made as to the title. The case came to trial at special term in May, 1899, and, after hearing the proofs of the parties, the court directed an interlocutory judgment of sale, reserving until the coming in of the report of sale the determination of the question whether the defendant Wall had a lien, as claimed by him. 60 N. Y. Supp. 535. A sale was accordingly made on July 1, 1899, and the premises were sold for the sum of $1,535. Afterwards a further hearing was had upon the claim of Wall, and a decision made, upon which the final judgment, appealed from, was entered. The court decided that Wall was entitled to be paid from the proceeds of the sale the sum of $42, advanced by him on the purchase price, and also the sum of $306.84, disbursed by him for repairs and improvements on the property.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

Newman, Blood & Banks and Willard M. Kent, for appellants.
Simeon Smith, for respondent.

MERWIN, J. The appellants claim that the court erred in directing the payment to Wall, from the proceeds of the sale, of the sum of $306.84 for repairs and improvements. The contract of September 2, 1898, from which the claim of Wall originates, is between "Phillip S. Ryder, of Syracuse, N. Y., for the estate of his father, deceased, owner of the first part," and Patrick Wall of the second part. The party of the first part, in consideration of $1,600 to him duly paid, agreed to sell to the party of the second part the house and lot in question, and upon receiving payment of such sum on or

before November 10, 1898, he agreed at his own cost and expense to execute and deliver to the party of the second part, or his assigns, a good and sufficient warranty deed. The contract is signed, "Phillip S. Ryder, per Geo. L. Price, Agent." The sale was made through Price, a real-estate agent, and Phillip S. Ryder was not present. He had previously said to Price, as Price testifies, that "he had control of the whole Ryder property now, so he could close it up and sell it," and then Price undertook to sell it. Price also testifies that he "did not tell Mr. Wall anything about any complications to this title. I simply told him they wanted to sell it, and wanted to close it out, and give a good title." Wall made no investigation as to the title. All of the owners were nonresidents except Phillip. Florence Hyman was, by devise from John H. Ryder, deceased, the owner of one-eighth. There had been litigation between her and the other heirs or owners as to the property, but terms of settlement had been, as Phillip was informed, agreed upon, so that he supposed that he could control the title. The contract did not, in terms, give Wall possession, but he took possession by permission of Price. Wall testifies that, soon after the contract was made, and before he commenced the repairs, Phillip was there on the premises, and said to him, "I am the owner of the place, with my brothers and sisters, and I am the owner of those parts, and I have got Miss Hyman's interest now;" that he then went on, and made the repairs and improvements, disbursing therefor the sum of $306.84. Phillip denies saying to Wall that he had the Hyman interest. The settlement with Miss Hyman was not accomplished, so that on November 10th, when the contract was to be performed, Phillip could not give a good title. Efforts were made by him to obtain the interest of Miss Hyman up to about the time this suit was commenced, but without success. After the commencement of the suit, and on February 6, 1899, Miss Hyman conveyed her interest to William M. Smith for the consideration of $130. This sale was procured by Wall, and, as it may be inferred, he could have obtained title of this interest to himself had he so desired. From about December 1st he seems to have declined to accept performance of the contract. The grantee Smith was afterwards brought in as party defendant. The trial court found that the real relations existing between the Ryders and Miss Hyman were concealed, although not willfully, from Wall by the Ryders; that Wall was ignorant of the same at the time he made the contract and the repairs and improvements, and that he made the expenditure in good faith, expecting to get title as agreed by the contract; that Phillip S. Ryder, and the other tenants in common, acting with him, were guilty of a legal fraud towards Mr. Wall. Upon this basis, apparently, the judgment was given.

The only authority that Phillip had to act for his brothers and sisters, owning six-eighths of the property, was to sell their interests. He had no authority from them to undertake to sell the whole. That was his individual undertaking. So that, if he committed any fraud upon Wall by reason of any representation of his ownership of the Hyman interest, there is not in the record before us any sufficient ground for charging it upon the other six. As against them, in the

absence of fraud or bad faith, the equitable relief, if any, awarded to Wall, must be, I think, on the basis that the repairs and improvements increased the value of the property to such an extent that the owners were able upon a sale to obtain a price greater than they would have otherwise obtained, and the award to Wall should not exceed the amount of such increase. If one tenant in common of property, expecting to be able upon a sale to control the whole title, expends money in making repairs or improvements not necessary for the preservation of the property, the other owners who do not consent to the same should not, by the operation of an equitable lien, be deprived of what they would have obtained had no such expense been made. Cosgriff v. Foss, 152 N. Y. 104, 110, 46 N. E. 328, 36 L. R. A. 753. The repairs here were not to protect or preserve the property, but for the purpose of obtaining an increased rental. It was rented at the time the contract was made. The position of Wall would not be any better than that of Phillip, the tenant in common, with whom he dealt. From the evidence in this case I am not satisfied that the property at the sale brought any more than it would have brought had the repairs in question not been made. It is not found that there was any increase, and the evidence does not warrant such a finding. The property was in market for sale, and its value upon a sale should be the test. It follows that no sufficient basis appears for making the claim of Wall a lien on the interests of six of the owners, being all of the appellants except Phillip S. Ryder.

There is, however, another view of the situation, which is, I think, fatal to the claim of the respondent for equitable relief. It is quite clear from the evidence that the respondent, at the time he procured a purchaser for the interest of Miss Hyman, and a conveyance was made by her to the defendant Smith, could, if he had so desired, have obtained performance of the contract, and acquired full title, without expense beyond the amount of consideration named in the contract. He did not choose to do this, and legally he was not, as we may assume, bound to do so. He, however, retained possession, and afterwards put in his answer claiming a lien. As he repudiated the contract when it might have been carried out, and the rights of all parties protected without loss, he is not now in a position to claim an equitable lien on the proceeds of the sale for damages that he might have prevented. The right to relief in cases of this kind "is carefully limited to those cases where special circumstances give rise to strong equitable rights." Cosgriff v. Foss, 152 N. Y. 104, 109, 46 N. E. 328, 36 L. R. A. 753. Wall should be remitted to such remedy as he may have in an action at law.

Judgment, so far as appealed from, reversed, with costs to appellants to abide the event, and new trial granted. All concur.